**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO**

Civil Action No. 17-CV-2933

COCONA, INC.,

      Plaintiff,

v.

KARTEX CORPORATION,

      Defendant.

---

## COMPLAINT AND JURY DEMAND
---

Plaintiff Cocona, Inc. ("Cocona"), by and through its attorneys, Kutak Rock LLP, and for its Complaint and Jury Demand against Defendant Kartex Corporation ("Kartex") states and alleges as follows:

## PARTIES

1.      Cocona is a Delaware corporation with its principal place of business at 5480 Valmont Road, Suite 300, Boulder, Colorado 80301.

2.      Upon information and belief, Kartex is a New York corporation with its principal place of business at 222 West 37th Street, #501, New York, New York 10018.

## JURISDICTION AND VENUE

3.      This action is brought under the Lanham Act, 15 U.S.C. § 1051 *et seq.*, and in particular under the Federal Trademark Act, 15 U.S.C. §§ 1051-1127. This Court has subject matter jurisdiction pursuant to 15 U.S.C. § 1121(a), 28 U.S.C. §§ 1331 and 1338.

4.      Venue is proper in the United States District Court for the District of Colorado pursuant to 28 U.S.C. § 1391 because a substantial part of the events giving rise to Cocona's claim occurred in this judicial district.

## GENERAL ALLEGATIONS

5.      Cocona is a company based in Boulder, Colorado that is in the business of inventing, developing and marketing new, unique and high-value-in-use technologies for fibers, fabrics and films.

6.      Among other things, Cocona conceived of the idea of incorporating certain natural substances into fibers and other fabric materials in order to alter or enhance certain characteristics of the fabric.

7.      Cocona's technology includes, among other things, the permanent incorporation of natural active particles that have micro-porous structures into fibers, fabrics, polymers, and films.  These active particles, derived from natural sources such as coconut carbon, enhance the performance of fabrics in apparel, especially outdoor wear, by increasing breathability, UV protection and odor management.

8.      Cocona licenses its technology to companies around the world.   Cocona's licensees incorporate Cocona's proprietary technology into numerous products, from bedding materials to high-performance clothing.

## Cocona's Registered Trademark

9.      Since 2013, Cocona has marketed its proprietary technology under the name "37.5®."

10.      Cocona selected "37.5" in part because it suggests that the enhanced performance

2

of apparel made from fabrics that incorporate Cocona's proprietary technology as well as other materials enable the wearer to regulate his or her body temperature in a more efficient manner.

11.     Cocona filed an application with the United States Patent and Trademark Office ("USPTO") to register "37.5" as a standard character mark on July 12, 2013.  In its application, Cocona specified classifications related to fabric for use in clothing, including foundation garments such as t-shirts, sweat pants, and under garments.

12.     The USPTO accepted "37.5" for registration on October 7, 2014 and issued it the registration number 4618453 (the "Word Mark").

13.     Cocona filed an application with the USPTO to register a design mark that incorporated "37.5" on June 11, 2014.  The USPTO accepted the registration on July 21, 2015 and issued it the registration number 4778686 (the "Design Mark").

14.     Cocona has subsequently sought and received additional registrations for marks that include "37.5®"

15.     Cocona has invested substantial time and resources in developing and protecting all of its registered trademarks, including the Word Mark and the Design Mark.  Cocona requires the licensees of its proprietary technology to execute comprehensive agreements that require use of branding that includes the Word Mark in conjunction with any use of Cocona's technology. This licensing program restricts and carefully regulates the manner in which Cocona's registered marks are used.

16.     Cocona has extensively promoted its business using the Word Mark.  Consumers recognize the Word Mark as a brand identifier for products that incorporate Cocona's proprietary technology.

17.    The Word Mark is famous by virtue of its inherent distinctiveness and substantial secondary meaning as a designation for products that include Cocona's proprietary technology.

18.    The Word Mark is particularly well known among consumers of high performance clothing.

**Kartex's Infringing Activity**

19.    In September 2017, Cocona first became aware of Kartex's use of "37.8º C" when Kartex's trademark application was published.

20.    After learning of Kartex's trademark application, Cocona conducted an investigation and determined that Kartex is selling high-performance clothing products, including fitness clothing and undergarments, under the name "37.8º C."

21.    Kartex uses "37.8º C" to promote its products on Internet retail sites, including Amazon.

22.    On its face, Kartex's "37.8º C" mark appears to refer to centigrade temperature and specifically, upon information and belief, the centigrade temperature of the human body.

23.    Kartex uses "37.8º C" to suggest that its high-performance clothing products allow the wearer to maintain a body temperature of 37.8 degrees centigrade.

24.    On October 3, 2017, Cocona sent Kartex a letter requesting that it immediately cease using "37.8º C" on the grounds that Kartex's sale of athletic and/or high-performance clothing products using the mark "37.8º C" had created confusion in the market and infringed Cocona's proprietary trademarks, including the Word Mark.

25.    To date, Cocona has not received a response from Kartex to its letter.

26.     On the same day it sent the letter, Cocona filed an opposition before the Trademark Trial and Appeal Board (the "TTAB") to Kartex's pending trademark registration application (the "Opposition").

27.     On October 18, 2016, Kartex answered the Opposition and filed a counterclaim seeking cancellation of the Word Mark and the Design Mark.

28.     Since the time Cocona first discovered Kartex's use of "37.8⁰ C" to sell athletic wear on the Internet, Kartex has increased the number of products available for sale on Amazon under the "37.8⁰ C" brand.

## FIRST CLAIM FOR RELIEF
### (Trademark Infringement Under Lanham Act 15 U.S.C. § 1114)

29.     Plaintiff incorporates by reference the allegations contained in paragraphs 1 through 28 as if fully set forth herein.

30.     Cocona is the owner of the Word Mark, which is a valid, registered U.S. trademark.

31.     Kartex's use of "37.8⁰ C" to promote the sale of high-performance clothing items and undergarments infringes the Word Mark as it is likely to cause confusion, mistake, or deception with regard to the Word Mark.  Among others, potential consumers of goods and services marketed under the Word Mark would be led to mistakenly believe that Kartex's goods are affiliated with, sponsored by, or connected with Cocona.

32.     Kartex's use of "37.8⁰ C" to promote its products is without Cocona's consent or permission.

4833-9631-4965.2

33.     Kartex's refusal to cease using "37.8º C" constitutes willful, intentional, knowing, and bad faith trademark infringement of Cocona's registered trademark in violation of 15 U.S.C. § 1114(1).

34.     Kartex's conduct has caused and, unless enjoined, will continue to cause irreparable harm, monetary damage, loss, and injury to Cocona.

35.     Cocona is without an adequate remedy at law.

## SECOND CLAIM FOR RELIEF
### (False Designation of Origin Under Lanham Act 15 U.S.C. § 1125(a))

36.     Plaintiff hereby incorporates the allegations set forth in paragraphs 1 through 35 of the Complaint as if fully set forth herein.

37.     Kartex's use of "37.8º C" to promote the sale of high-performance clothing items and undergarments is likely to cause confusion, mistake or deception as to the origin, sponsorship, or approval of its goods.

38.     Kartex's conduct has caused and, unless enjoined, will continue to cause irreparable harm, monetary damage, loss, and injury to Cocona.

39.     Cocona is without an adequate remedy at law.

## THIRD CLAIM FOR RELIEF
### (Unfair Competition Under Lanham Act 15 U.S.C. § 1125(a))

40.     Plaintiff hereby incorporates the allegations set forth in paragraphs 1 through 39 of the Complaint as if fully set forth herein.

41.     Kartex's use of "37.8º C" to promote the sale of high-performance clothing items and undergarments in direct competition with products sold by the licensees of Cocona's proprietary technology constitutes unfair competition pursuant to 15 U.S.C. § 1125(a).

4833-9631-4965.2

42.     Kartex's use of "37.8º C" is likely to cause confusion, mistake or deception among consumers.

43.     Kartex's conduct has caused and, unless enjoined, will continue to cause irreparable harm, monetary damage, loss, and injury to Cocona.

44.     Cocona is without an adequate remedy at law.

### FOURTH CLAIM FOR RELIEF
### (Declaratory Judgment)

45.     Plaintiff hereby incorporates the allegations set forth in paragraphs 1 through 44 of the Complaint as if fully set forth herein.

46.     The Word Mark and Design Mark are valid trademarks as they are distinctive.

47.     The Word Mark and Design Mark are valid trademarks as they have acquired secondary meaning associated with Cocona and its proprietary technology.

48.     Kartex has alleged that the Word Mark and the Design Mark are not valid and that they should be canceled.

49.     Cocona reasonably apprehends that Kartex will continue to attempt to cancel the Word Mark or the Design Mark.

50.     There exists an actual controversy between Cocona and Kartex regarding whether the Word Mark and/or the Design Mark are valid, and a judicial declaration of validity of the Word Mark and the Design Mark is necessary and appropriate at this time.

### FIFTH CLAIM FOR RELIEF
### (Injunctive Relief)

51.     Plaintiff hereby incorporates the allegations set forth in paragraphs 1 through 50 of the Complaint as if fully set forth herein.

4833-9631-4965.2

52.     Kartex has engaged in conduct, and continues to engage in conduct, in violation of Cocona's trademark rights that has created and will continue to create confusion in the market.

53.     As a result of Kartex's actions, Cocona has sustained and will continue to sustain irreparable injury.

54.     Cocona is left without an adequate remedy at law because, among other things, the damage to existing and prospective consumer relationships cannot be determined as a matter of law.

55.     Injunctive relief is the only way to remedy Kartex's injurious actions.


## PRAYER FOR RELIEF

WHEREFORE, Plaintiff Cocona, Inc. prays that judgment be entered in its favor and against Defendant Kartex Corporation on each and every claim asserted herein, and that it be awarded the following relief:

a.     Monetary damages, including special damages, in an amount to be calculated at trial;

b.     All applicable statutory penalties;

c.     A declaration that the Word Mark and the Design Mark are valid and enforceable;

d.     Pre-judgment interest;

e.     Post-judgment interest;

f.     Litigation costs and expenses, including reasonable attorneys' fees; and

g.     Any such further preliminary or permanent relief, including equitable relief, as this Court deems just and proper under the circumstances.

4833-9631-4965.2

**JURY DEMAND**

Cocona demands a jury trial on all issues so triable.


Respectfully submitted this 6th day of December, 2017.

KUTAK ROCK LLP

*s/ Chad T. Nitta*
Chad T. Nitta
Blair E. Kanis
1801 California St., Suite 3000
Denver, CO 80202
Tel:  303-297-2400
Fax:  303-292-7799
chad.nitta@kutakrock.com
blair.kanis@kutakrock.com

*ATTORNEYS FOR PLAINTIFF*

4833-9631-4965.2