IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
**Judge Philip A. Brimmer**

Civil Action No. 17-cv-02933-PAB-KMT

COCONA, INC.,

      Plaintiff,

v.

KARTEX CORPORATION,

      Defendant.

---

**ORDER**

---

This matter is before the Court on the Defendant's Motion to Dismiss Under Rule 12(b)(2) or in the Alternative to Transfer [Docket No. 14]. Defendant Kartex Corporation argues that this case should be dismissed for lack of personal jurisdiction in this district and requests, in the alternative, that the Court transfer this case to the United States District Court for the Southern District of New York pursuant to 28 U.S.C. § 1404(a). Docket No. 14 at 5-7. Plaintiff Cocona, Inc. consents to the requested transfer. Docket No. 24 at 2.

On December 6, 2017, plaintiff initiated this lawsuit, alleging that defendant violated the Lanham Act, 15 U.S.C. §§ 1114, 1125, by using the mark "37.8° C" to market clothing. Docket No. 1 at 4, ¶ 20. Plaintiff is a Delaware corporation with its principal place of business in Boulder, Colorado. *Id.* at 1, ¶ 1. Defendant states in its motion that, as alleged, it is a New York company with its principal place of business located in New York, New York. Docket No. 14 at 7. Defendant states, and plaintiff

does not dispute, that defendant's operations, as relevant to the allegations in the complaint, are located in New York, along with the relevant records and fact witnesses. *Id.*; *see also* Docket No. 14-1 at 3, ¶¶ 18-19, 21; Docket No. 24 at 2.

Section 1404(a) of Title 28 provides, in pertinent part, that, "[f]or the convenience of parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought." Section 1404(a) is "intended to place discretion in the district court to adjudicate motions for transfer according to an 'individualized, case-by-case consideration of convenience and fairness.'" *Stewart Org., Inc. v. Ricoh Corp.*, 487 U.S. 22, 29 (1988) (quoting *Van Dusen v. Barrack*, 376 U.S. 612, 622 (1964)). To warrant a transfer, the moving party must establish that: "(1) the action could have been brought in the alternate forum; (2) the existing forum is inconvenient; and (3) the interests of justice are better served in the alternate forum." *Wolf v. Gerhard Interiors, Ltd.*, 399 F. Supp. 2d 1164, 1166 (D. Colo. 2005) (citing *Chrysler Credit Corp. v. Country Chrysler, Inc.*, 928 F.2d 1509, 1515 (10th Cir. 1991)).

The Court is satisfied that this action could have been brought in the Southern District of New York based on defendant's representation and the affidavit of Kenneth Z.N. Li that defendant maintains a corporate office in that district and conducts substantial business there. Regarding the inconvenience of the existing forum, Mr. Li affirms that defendant has no operations or witnesses located in Colorado, has never been a party to any other lawsuits in Colorado, and that it would be burdensome to litigate in this district because none of the documents or witnesses is located here. Docket No. 14-1 at 3, ¶¶ 10-20. Because defendant's operations relevant to the lawsuit

are located in New York City, the Court finds that the Southern District of New York is the more convenient venue. Finally, because the motion to transfer is unopposed and defendant contests personal jurisdiction in this district, the Court finds that the interests of justice favor the transfer of this case to the United States District Court for the Southern District of New York. The Court will grant the unopposed transfer and deny plaintiff's request to dismiss this case for lack of personal jurisdiction in this district as moot. Accordingly, it is

**ORDERED** that the Defendant's Motion to Dismiss Under Rule 12(b)(2) or in the Alternative to Transfer [Docket No. 14] is **GRANTED** in part and **DENIED** as moot in part. It is further

**ORDERED** that, pursuant to 28 U.S.C. § 1404(a), this action shall be transferred to the United States District Court for the Southern District of New York.

DATED March 6, 2018.

BY THE COURT:

s/Philip A. Brimmer
PHILIP A. BRIMMER
United States District Judge